## ALLEN *et al* vs. MEYERHARDT.

Where the claimant of an existing private way has applied for the removal of obstructions under section 738 of the Code, and has accepted a conditional order instead of standing upon his right to have an absolute order, the question of whether he has complied with the condition or not is one of fact; and upon a further petition alleging compliance, and praying for a warrant to the sheriff, the sole question is whether he has complied or not, and the commissioners of roads and revenue should adjudge according to the evidence, and refuse or grant the warrant without more. And, on *certiorari,* this is the sole matter for review if the commissioners have confined themselves to the question. But if they have gone further and ordered the way closed, this is an excess of their authority, and the *certiorari,* as to that part of their order, should be sustained. As to the fact of compliance with the condition, the superior court should either affirm the judgment, or reverse it and order a new trial. Any direction as to locating the road or putting up gates, is not within the scope of the proceeding. The petition to the commissioners of roads and revenue is confined to the one object, and that is to obtain a warrant commanding the sheriff to remove the obstructions. The right to this depends upon whether the condition prescribed in the previous order has been performed.

County matters. Roads and bridges. Judgment. *Certiorari.* Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1879.

Meyerhardt petitioned the commissioners of roads and revenue of the county of Floyd, substantially as follows: He is the owner of lot of land 45, in the 22d district and 3d section of said county. For fifteen or twenty years he has used a road or private way to his said farm running over land now owned by Allen and Jones. They have fenced or closed said road, the same being the only outlet from the petitioner's farm. He made complaint to the parties for closing the road, and allowed it to remain closed to the present time with a distinct understanding that they would remove the obstructions and open the road, which they have refused to do. Prayed that they may be required to show cause why said road should not be opened.

Cause was shown, a trial had, and on June 4, 1877, judgment as follows rendered: " Ordered that the petition be granted under the following conditions, to-wit: D. J. Meyerhardt shall be allowed ninety days from date to put the road from his farm to the Cedartown road in good order, said road to be of the width of twelve feet; the condition of said road to be passed upon and approved by the road commissioners of Barber's district; the same being done, the said Allen and Jones shall, within ten days after being notified of the approval of said road commissioners, construct and put up gates at the places of the obstructions, for the use of D. J. Meyerhardt. It is further ordered that if said Meyerhardt fails to comply with the terms of the above order, and does not have said road put in good condition in the time specified, then said private way shall be declared closed."

On June 27th following, the district road commissioners certified to the commissioners of roads, etc., that they had examined the road described in their order of the 4th of June, and find it in good traveling condition.

On September 14th following, Meyerhardt again petitioned the commissioners, setting forth a compliance with the provisions of their order of June 4th, notice to Allen and Jones, and that they had failed to erect the gates as ordered within the ten days. He therefore prayed that the sheriff be directed to remove the obstructions from the private way.

Allen and Jones showed for cause that it was not true that Meyerhardt had complied with the order of June 4th, but that he had laid out a new road over the land of respondents, in many places departing from the old road, and coming out into the public road at a different place from where the old road entered.

On November 5th the commissioners ordered, after hearing evidence and argument, that as the terms of the order of June 4th had not been complied with by Meyerhardt, that the road mentioned therein be closed.

On *certiorari* this order was set aside by the superior court, and on review by the supreme court, the judgment of that tribunal was also reversed. See 62 *Ga.*, 161. On a rehearing of the *certiorari* in the superior court, it was ordered that the judgment closing the road be set aside, and that the commissioners direct that said way be opened as a private way, with the right of defendants to erect gates where the fences now are; that if the road is not on the old road-bed, that Meyerhardt work it on the old road-bed within ninety days from their order following this judgment, as per terms of the order of June 4, 1877.

To this judgment Allen and Jones excepted upon the ground that it did not cover the case made by the *certiorari*, to-wit: whether Meyerhardt had complied with the terms of the order of June 4th, and extended to matters over which the court had no jurisdiction in such a proceeding.

WRIGHT & FEATHERSTON, for plaintiffs in error.

FORSYTH & HOSKINSON, for defendant.

BLECKLEY, Justice.

The proceedings before the commissioners of roads and revenue were all under the 738th section of the Code. The section does not provide for a conditional order, but the applicant having chosen to accept such, instead of standing upon his right to have an absolute order, he must comply with the condition before he can obtain the assistance of the sheriff. Here the applicant took no exception to the kind of order that was granted in the first instance, as he might have done by *certiorari* if he had not pleased to acquiesce. That order was, by both parties, left to stand as it was, and the applicant proceeded to comply on his part with its terms. By his subsequent petition to the commissioners he alleged that he had complied; and the truth of this allegation was the disputed matter of fact, and the only one, which the petition presented for decision, the

adverse party not pretending that they had erected gates, or otherwise cleared away the obstructions complained of. After hearing evidence, the commissioners not only denied the prayer of the petition, but ordered peremptorily that the road be closed. The *certiorari*, be it observed, was sued out upon, and is to be confined to, the second order passed by the commissioners; it does not reach back to the original conditional order which we have mentioned. All that the second petition prayed for was a warrant directed to the sheriff, commanding him to remove the obstructions. To grant or refuse the warrant was the only judgment which the commissioners had power to render upon such a petition. Code, §738, *supra*. It is not insisted that the commissioners for Floyd county have any broader powers than could have been exercised by the ordinary if there had been no substitution, by special statute, of the former for the latter in respect to the supervision of roads within that county. If the evidence showed that the petitioner had complied with the condition which the previous order prescribed, the warrant to the sheriff should have issued; if, on the contrary, it failed to show such compliance, the warrant should have been denied. To supplement the denial of the warrant with an order to close the road, or that the road be closed, was to pass quite beyond the limits of the petition upon which the commissioners were acting. The petitioner asked for bread, and they gave him a stone; for a fish, and they gave him a serpent. That they went beyond their powers in the first order, and threatened a closing of the road in the contingency specified, did not justify them in consummating the matter by the second order. Acquiescence in a void part of the first order, did not bind the petitioner to a like acquiescence in a void appendix to the second. There can be no doubt that as to the final order to close the road, the *certiorari* is well founded and ought to be sustained. In respect to the finding of the commissioners upon the issue of fact which they tried, the superior court should either affirm it, or else re-

verse it and order a new trial. Any direction as to locating the road or putting up gates, is no more within the scope of the proceedings, in the stage at which they have arrived, than is the closing of the road. If the petition misrepresents the fact of compliance with the condition, the prayer for a warrant ought to fail for that reason ; if it does not misrepresent the fact, the prayer ought to be granted. What can be plainer than that this is exhaustive of the whole controversy raised by that petition ?

We reverse the judgment, with direction that the *certiorari* be sustained so far as closing the private way is concerned ; and as to whether a warrant to the sheriff shall issue as prayed for, that the *certiorari* be sustained and a new trial ordered if the judge of the superior court shall hold that the finding of the commissioners was erroneous on the question of fact made by the petition of September 14, 1877 ; but if he shall hold that the evidence warranted the commissioners in finding the fact as they did, then that the *certiorari* be overruled as to that part of the case, and sustained as to closing the private way (with costs), but no more.

Judgment reversed.